# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DEMOND COOK (#367617)**                                    **CIVIL ACTION**

**VERSUS**

**SGT. WADE T. LAMOTTE, ET AL.**                          **NO. 14-0028-BAJ-RLB**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 3, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

DEMOND COOK (#367617)                                        CIVIL ACTION

VERSUS

SGT. WADE T. LAMOTTE, ET AL.                              NO. 14-0028-BAJ-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Sgt. Wade Lamotte, Lt. Leonard Harris, Dpty Alfred Glasper, Dpty Johnathan Malveaux, Dpty Don Williams, Nurse T. Stanfford, Sheriff Sid Gautreaux, Sgt. W. Patrick and Warden Dennis Grimes, complaining that his constitutional rights were violated on November 28, 2009, when he was subjected to excessive force and to deliberate medical indifference by certain of the defendants. Specifically, the plaintiff alleges that on the referenced date, he began shaking and kicking the door to his cell so as to obtain the attention of security officers, and defendant Lamotte and several other defendant security officers arrived on the cell tier and approached the plaintiff's cell. Defendant Lamotte then instructed both the plaintiff and the plaintiff's cell-mate to retreat to the back of the cell and to stand facing the wall with their hands against the wall. The referenced defendants then entered the plaintiff's cell and, after allowing the cell-mate to leave the cell, defendant Lamotte began to question the plaintiff about the commotion. When the plaintiff turned his head to respond, defendant Lamotte told the plaintiff to remain facing the wall. Although the plaintiff initially complied with this directive, he concedes that he thereafter again turned his head to speak to the defendant, whereupon the defendant took a quick step back

and discharged a taser gun at the plaintiff.  The plaintiff asserts that defendant Lamotte intentionally induced or tricked the plaintiff to turn his head so as to create an excuse to discharge the taser gun and that, although the plaintiff offered no resistance or provocation, defendant Lamotte then continued to apply the taser gun while defendants Harris and Malveaux subjected the plaintiff to kicks and blows.  The plaintiff further contends that he was thereafter escorted to the prison infirmary, but he asserts that he was denied appropriate medical treatment by defendant Nurse Stannford and was intimidated into signing a form which purported to refuse medical treatment for the injuries he had received.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed pursuant to these provisions if the action or claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).  A claim lacks a factual basis if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32.  A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed.  *See Green v. McKaskle*,

788 F.2d 1116, 1119 (5th Cir. 1986).

Applying the foregoing standard, the Court finds that the plaintiff's Complaint fails to state a claim cognizable in this Court.  Specifically, it has been recognized that "[a] case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation."  *Lewis v. Secretary of Public Safety and Corrections*, 508 Fed. Appx. 341, 343-44 (5th Cir.), *cert. denied*, 133 S.Ct. 2802 (2013).  "A case is duplicative if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'" *Id.*  A review of the records of this Court reflects that, in a separate previous lawsuit filed by the plaintiff before this Court, the plaintiff asserted identical claims against defendants Lamotte, Harris, Glasper, Malveaux, Williams, Gautreaux and Grimes.  *See Demond Cook v. Sgt. Lamont, et al.*, Civil Action No. 11-0358-BAJ-DLD (M.D. La.).  Pursuant to Judgment entered in that earlier case on January 25, 2013, the plaintiff's claims asserted against these defendants were dismissed as barred by the applicable one-year statute of limitations.  The plaintiff subsequently appealed that Judgment to the United States Court of Appeals for the Fifth Circuit, and the appeal was dismissed by that Court on August 2, 2013, upon a finding that the appeal was legally frivolous.  Accordingly, inasmuch as the instant proceeding is duplicative of the claims asserted by the plaintiff in the referenced prior lawsuit, his claims asserted in the instant case against these defendants are subject to dismissal as being malicious within the meaning of § 1915 and also as being time-barred for the reasons stated by the Court in the prior proceeding.

Further, the Court notes that the plaintiff has also named as defendants herein two persons who were not specifically named as defendants in the earlier proceeding, specifically Nurse T. Stanford (who was identified as "Nurse Jane Doe" in the prior proceeding and who allegedly failed to provide the plaintiff with appropriate medical attention on the date of the

incident) and Sgt. W. Patrick (who allegedly thereafter failed to provide the plaintiff with an appropriate administrative grievance form on January 3, 2010, and/or failed to submit the plaintiff's second step grievance to prison officials for review).

First, with regard to Nurse Stanfford, the plaintiff's claim asserted against this defendant is subject to the same analysis as was employed by the Court in dismissing the plaintiff's prior proceeding, and his claim against this defendant is therefore subject to dismissal as being time-barred as determined therein.  Specifically, the Court found, in dismissing that earlier proceeding, that the plaintiff had one year from on or about January 3, 2010 – the date that he completed an administrative claim relative to the events of November 28, 2009 – to commence his federal civil rights action or to interrupt the applicable limitations period.  The Court further found that although the plaintiff filed a state court proceeding in April, 2010, wherein he attempted to assert a claim relative to the events complained of, the pendency of the resulting state court proceeding "did not interrupt the applicable limitations period in this case."  *See* Rec. Doc. 87 in Civil Action No. 11-0358-BAJ-DLD.  The Court reached this conclusion based on the fact that (1) the plaintiff filed his state court pleading on a form for the assertion of an appeal of the recently-concluded prison *administrative* proceedings and, as a matter of law, this administrative appeal neither asserted nor preserved the inmate's *tort* claim seeking monetary damages for alleged injuries received at the hands of prison officials, and (2) the state court lawsuit did not adequately assert the same federal civil rights violation that was subsequently asserted in federal court.  *See id.*  As a result, the plaintiff's federal action, which was filed more than one year after January 3, 2010, was determined to be time-barred.  Inasmuch as that finding was upheld on appeal and inasmuch as the plaintiff's claim asserted herein against Nurse Stanfford is indistinguishable, for purposes of calculation of the limitations period, from the claims asserted in the prior proceeding,

his claim against Nurse Stanfford is similarly subject to dismissal as being time-barred.

Turning to the plaintiff's claim asserted against defendant Sgt. Patrick, this claim is also subject to dismissal as being time-barred, notwithstanding that the plaintiff complains of events occurring on a different date.  Specifically, the plaintiff complains of the alleged wrongful conduct of defendant Patrick in (1) failing on January 3, 2010, to provide the plaintiff with a form needed to proceed to the second step of the prison administrative process, and/or (2) failing to submit the plaintiff's second step administrative appeal to prison officials for review.  It is clear, however, that the plaintiff had sufficient notice of the alleged wrongdoing of defendant Patrick on either January 3, 2010, when the defendant allegedly failed to provide the necessary form, or thirty (30) days thereafter, when the plaintiff admittedly did not receive a timely response to his second step grievance and so admittedly learned that the defendant had not submitted same.  The plaintiff concedes as much when he asserts, in documentation filed with the instant Complaint, that he waited to ascertain whether defendant Patrick had submitted the second step grievance and that he began to pursue his civil action in state court "after 30 days had expired" without a response.  *See* Rec. Doc. 3 at p. 3.  In this context, it is well-settled that a claim accrues when a "plaintiff knows or has reason to know of the injury which is the basis of the action."  *Lavellee v. Listi*, 611 F.2d 1129, 1130-31 (5th Cir. 1980).  Thus, inasmuch as the plaintiff had notice of the defendant's alleged wrongdoing in early, 2010, the instant federal Complaint filed in this Court in January, 2014, complaining for the first time of the alleged wrongdoing of defendant Patrick, barred by the applicable statute of limitations and should be dismissed.[1]

---

1.  The Court further notes that the plaintiff does not allege that he has ever attempted to exhaust administrative remedies, as mandated by 42 U.S.C. §1997e, relative to his separate and independent claim asserted against defendant Patrick.  Moreover, it is clear that the plaintiff's prior state and federal litigation did not interrupt the limitations period relative to this defendant

RECOMMENDATION

It is recommended that this action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(g) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on April 3, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

and claim, specifically because the plaintiff neither named Sgt. Patrick as a defendant in the prior litigation nor asserted the instant claim that the defendant has allegedly interfered with the plaintiff's right to seek access to the courts by interfering with the plaintiff's attempt to complete the prison administrative process.

2.  Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."