UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DEMOND COOK (#367617) | CIVIL ACTION |
| VERSUS | |
| SGT. WADE T. LAMOTTE, ET AL. | NO.: 14-00028-BAJ-RLB |

## RULING AND ORDER

On April 3, 2014, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Demond Cook's action be dismissed as legally frivolous pursuant to 28 U.S.C. §§ 1915(g) and 1915A. (Doc. 6.) Plaintiff claims that his constitutional rights were violated when he was subjected to excessive force in his cell by certain Defendants, and that the Defendants were deliberately indifferent to his medical needs after the alleged incident.

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 6, at 1.) A review of the record indicates that Plaintiff filed three documents in

connection with his opposition to the Magistrate Judge's Report and Recommendation.[1] (Docs. 8, 9, 10.)

Having carefully considered the Magistrate Judge's Report, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report is correct, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 6)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the above captioned matter is **DISMISSED**, without leave to amend, because there is no conceivable, non-

---

[1] The Magistrate Judge applied the proper prescriptive period to Plaintiff's action. *See* Docs. 8 and 9. Plaintiff asserts that, pursuant to Louisiana Civil Code Article 3493.10, "Delictual action[s] are subject to a liberative prescription of 2 years prescription; criminal act[.]" (Doc. 8, at 3.) Plaintiff also asserts that, although the Defendants are protected with liberative prescription rights, he is protected with the same liberative prescription rights, and that the Defendants' "criminal" actions require a longer prescriptive period. He further states that "criminal charges" were never brought against certain Defendants because the Warden "turned a blind eye to the incident although he was aware of the excessive force." (Doc. 9-1, at 7.)

The Court adopts the law cited in the Report and Recommendation. The Magistrate properly concluded that "[a] case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation." *Lewis v. Secretary of Public Safety and Corrections*, 508 Fed. Appx. 341, 343-44 (5th Cir.), cert. denied, 133 S.Ct. 2802 (2013). (Doc. 6, at 4.) The record clearly reflects that Plaintiff previously brought the same claims asserted here in a separate proceeding, where the claims were found to be time-barred by a one-year prescriptive period.

Here, Plaintiff attempts to convince the Court that *this* suit is subject to a two year prescriptive period, pursuant to Louisiana Civil Code Article 3493.10. However, the Louisiana Civil Code article cited by Plaintiff is inapplicable, as that article relates to criminal actions only. The Court notes Plaintiff's assertion that he attempted to bring criminal charges against certain Defendants for their actions within a two-year time frame. ( Doc. 9-1, at 6-7.) However, such attempts have no bearing on the civil action before the Court at this time, and the one-year prescriptive period applied previously to Plaintiff's case was correct. Further, to the extent that Plaintiff claims he sought to bring criminal charges against certain Defendants but was ignored by the Warden, such an argument is unavailing. Statutorily, Plaintiff himself cannot file criminal charges. He must seek the assistance of a prosecutor to do so.

frivolous federal claim Plaintiff Demond Cook could assert against the defendant consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, this 2nd day of July, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA